IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00345-RJC
(3:06-cr-00387-RJC-1)

| | |
|---|---|
| TONY ANDWOANE GRIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On September 28, 2006, Petitioner was indicted in this District on one count of possession with intent to distribute and the distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2). (Id., Doc. No. 1: Bill of Indictment). On February 2, 2007, Petitioner pleaded guilty to Count 1 pursuant to a plea

---

[1] Petitioner is incarcerated in EDGEFIELD Federal Correctional Institution, in Edgefield, South Carolina. While incarcerated in EDGEFIELD, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court of South Carolina. After notice from the district court, Petitioner agreed to have the petition re-characterized as a § 2255 motion and transferred to this District which is where he was convicted and sentenced. (3:16-cv-00345, Doc. Nos. 12, 15).

1

agreement in exchange for the Government's agreement to dismiss Count Two. (Id., Doc. No. 13: Plea Agreement; Doc. No. 14: Acceptance and Entry of Guilty Plea).

In Petitioner's presentence investigation report (PSR), the probation officer concluded that Petitioner qualified as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2006), based on North Carolina convictions for robbery with a dangerous weapon in 1990, for which he was sentenced to a term of 14-years' imprisonment, and the delivery of cocaine in 1999, for which he was sentenced to a term of 15-18-months' imprisonment. (Id., Doc. No. 37: PSR ¶¶ 18, 30, 38). Petitioner qualified for a criminal history category VI both as a career offender, and based on his criminal history points (16), and when considered with his total offense level of 31, Petitioner's Guidelines range was 188 to 235 months' imprisonment. (Id. ¶¶ 46, 79). On November 20, 2007, Petitioner was sentenced to a term of 188-months in prison and his judgment was affirmed on appeal in an unpublished opinion. See United States v. Grier, 305 F. App'x 78 (4th Cir. 2008).

II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.  DISCUSSION

In this collateral proceeding, Petitioner challenges his designation as a career offender, relying on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[2] (3:16-cv-00345, Doc. No. 1: Motion to Vacate at 6, Doc. No. 1-1: Mem. at 3-4).[3]

Under the Sentencing Guidelines, a defendant qualifies as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.2 (2006).

The Guidelines define a crime of violence as follows:

> The term "crime of violence" means any offense under federal or state law,

---

[2] Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii).

[3] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

punishable by imprisonment for a term exceeding one year, that --

(1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

The Guidelines define a controlled substance offense as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id. § 4B1.2(b).

Petitioner's conviction for robbery with a dangerous weapon undoubtedly qualifies as a "crime of violence" under the Guidelines. See United States v. Smith, 638 F. App'x 216, 218-19 (4th Cir. Jan. 26, 2016) (finding that North Carolina offense of robbery with a dangerous weapon qualifies as a violent felony under the "force clause" as enumerated in § 924(e)(2)(B)(i)). As the Fourth Circuit has explained, the term "crime of violence" and "violent felony" may generally be considered interchangeably. See United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (finding the terms "crime of violence" and "violent felony" "are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others.") (citing See United States v. Williams, 67

F.3d 527, 528 (4th Cir. 1995)).[4]

Finally, the Court finds that Petitioner's 1999 conviction for the delivery of cocaine plainly qualifies as a controlled substance offense under the Guidelines because the offense involved the distribution of cocaine and he was sentenced to more than one year in prison.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's claims in this collateral proceeding are without merit, and his § 2255 Motion to Vacate will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

---

[4] The "force clause" in Section 924(e)(2)(B)(i) is identical to the provision in Section 4B1.2(a)(1).

**SO ORDERED.**

Signed: August 23, 2016

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge